## Powers of Merged Trust Companies and Banks.

SAYLOR, Dep. Att'y-Gen., Feb. 24, 1930.—We have received your request for an opinion from this department on various questions arising by reason of the enactment of Acts of Assembly Nos. 365 and 366, approved April 26, 1929, both being P. L. 839.

Act No. 365 authorizes merged or consolidated corporations, possessing fiduciary powers and composed of trust companies, or banking companies, or both,

whether created by the Commonwealth or the Federal Government, and located in the Commonwealth, to act in any fiduciary capacity under instruments naming or appointing one of their constituent companies to such fiduciary capacity. Act No. 366 validates the grant of letters testamentary in all relationships of any fiduciary nature assumed by, and acts in fiduciary capacities performed by, merged or consolidated corporations, such as those just referred to, under like instruments of appointment.

These questions are as follows:

1. Is an Orphans' Court required by law to appoint substituted trustees for trust estates held by a trust company *(a)* that merged or consolidated with another trust company prior to April 26, 1929, or *(b)* that merges or consolidates with another trust company after April 26, 1929, or are the trust estates in either or both cases transferred under authority of the said Acts of 1929?

2. Is an Orphans' Court required by law to appoint substituted trustees for trust estates held by a trust company *(a)* that merged or consolidated prior to April 26, 1929, with a national banking association authorized to act in fiduciary capacities, or *(b)* that merges or consolidates with such national banking association after April 26, 1929, or are the trust estates transferred in either or both cases under authority of the said Acts of 1929?

3. What legal action is necessary for the transfer of trust estates from a national banking association to a trust company, in the case of the merger or consolidation of such companies prior to, as well as after, April 26, 1929?

4. In the case where a trust company, under an agreement to collect and liquidate all the assets of another trust company having fiduciary powers, takes over such assets and assumes all the deposit liabilities of said company, is such procedure a "merger" or "consolidation" as would come within the provisions of the acts referred to?

It is clear from the titles of the acts and their phraseology that the purpose of their enactment was to remove uncertainty as to the legality of fiduciary acts performed by a trust company or banking company, following a merger or consolidation with another institution duly appointed and acting as fiduciary prior to such merger or consolidation, and at the same time to ensure, in the case of such mergers or consolidations in the future, that the powers and rights of the merged or consolidated company theretofore acting as fiduciary automatically and legally pass from it to its successor without further action on the part of such fiduciary or any judicial authority having jurisdiction over it.

The question arises, however, as to whether or not the Legislature has the power to interfere in any way with the jurisdiction of the various Orphans' Courts of the Commonwealth in appointing such fiduciaries and superintending their activities. Article V, section 22, of the Constitution of the Commonwealth of 1873, provides that the various Orphans' Courts: ". . . shall exercise all the jurisdiction and powers now vested in, or which may hereafter be conferred upon, the Orphans' Courts. . . . " and that: "In every county Orphans' Courts shall possess all the powers and jurisdiction of a Registers' Court, and separate Registers' Courts are hereby abolished."

First reference to Registers' Courts is found in the Constitution of 1790, where article V, section 7, prescribes the composition thereof, but says nothing about their powers or jurisdiction. This section is copied *verbatim* in the Constitution of 1838, under like article and section. We must look to legislative enactment for such powers and jurisdiction. Section 23 of the Act of June 14, 1836, P. L. 628, 634, and section 19 of the Act of June 16, 1836, P. L. 784, 792, both now repealed, enumerate such powers. These sections are fol-

lowed almost completely by the Act of June 7, 1917, P. L. 363, where, in section 9, sub-sections *(a)*, *(b)*, *(c)* and *(d)*, the jurisdiction of the several Orphans' Courts of the Commonwealth, whether separate or otherwise, is held to extend to and embrace the appointment of various fiduciaries and the control of their activities. The concluding paragraph of said section 9 is as follows: "And such jurisdiction shall be exercised under the limitations and in the manner provided by law."

In the absence of such a clause as is quoted, there might have been a question as to whether or not the Legislature, by subsequent act, could have in any way restricted the exercise of duly granted powers or interfered with the jurisdiction of the courts so far as the supervision and administration of estates in the hands of previously appointed trustees is concerned. It might well be that, while a certain trust company is, as trustee of an estate, satisfactory to an Orphans' Court or the beneficiary, it might cease to be when merged with another institution, and the court, of its own will or on petition of the beneficiary, might desire to exercise its supervisory power in such manner as to take the trust estate out of the control of the merged institution. However, in the absence of constitutional limitation, and in view of the clause referred to, it seems clear that the Legislature, in granting various rights and privileges to the Orphans' Courts in the Act of 1917, intended that such powers and jurisdiction should be at all times within the control of the Legislature and not definitely beyond abridgment or modification by it. So far as we have been able to discover, there is nothing in the books holding that the Act of 1917 improperly curtailed such powers and jurisdiction.

It would seem, therefore, that the two Acts of 1929 are clear as to title and purpose and would be held constitutional even in the event of an attack upon them as infringing upon the powers of the Orphans' Courts. In any case, with these acts on the statute books, so far as the Department of Banking is concerned, there should be no hesitancy in considering that the effect of this new legislation is to carry on uninterrupted the fiduciary relationship of trustee to *cestui que trust*, even though the trustee ceases to exist as the entity it was when named or appointed for the trust estate, but becomes merged with another institution which was previously a stranger to the trust. So far as the Department of Banking is concerned, no remedial decree on the part of the Orphans' Court is required. In answer to questions 1, 2 and 3 above listed, you are, therefore, advised as follows:

1. The Orphans' Court is not required by law to appoint substituted trustees for trust estates held by a trust company that merged or consolidated with another trust company prior to April 26, 1929, or that after that date merges or consolidates with another trust company.

2. The Orphans' Court is not required by law to appoint substituted trustees for trust estates held by a trust company that merged or consolidated with a national banking association prior to April 26, 1929, or that after that date merges or consolidates with a national banking association.

3. That no legal action is necessary for the transfer of trust estates from a national banking association to a trust company when the merger or consolidation of the two was effected either prior to or after April 26, 1929.

The fourth question relates to the meaning of the words "merger" and "consolidation" in the Acts of 1929. Are the words used in the sense in which they appear in other acts of the Legislature relative to mergers and consolidations of banks and trust companies?

The Act of May 3, 1909, P. L. 408, authorizes the merger and consolidation of two or more companies organized and existing under the laws of the Com-

monwealth and transacting the same or a similar line of business, thereby creating a new entity existing by virtue of a charter of the Commonwealth. It can have no application to the merging or consolidation of a Pennsylvania trust company with a national banking association. Consequently, the words "merger and consolidation" used in the Acts of 1929 referred to are not used in the same sense as in the Act of 1909.

The Act of May 9, 1923, P. L. 174, provides for the succession of merged or consolidated trust or banking companies incorporated under the laws of the Commonwealth to all the relations, obligations and liabilities of the component companies, and further provides that such new corporation "shall execute and perform all the trusts and duties devolving upon it in the same manner as though it had itself assumed the relation or trust." In this act the words "merger" and "consolidation" are used in the same sense as in the Act of 1909.

The Act of April 16, 1929, P. L. 522, provides for the "merger and consolidation" of national banking associations with State banks, trust companies, or banks and trust companies, whereby the rights, franchises and interests of the national banking association in and to every species of property are transferred to the State institution, which, under the provisions of section 7 of that act, holds and enjoys all the rights and property, etc., of the national banking association, inter alia: ". . . including the right of succession as trustee, executor, or in any other fiduciary capacity, if qualified by its charter under the laws of this Commonwealth, in the same manner and to the same extent as was held and enjoyed by such national banking association."

The Act of April 25, 1929, P. L. 763, provides for the conversion of national banking associations into State banks or trust companies, which by the provisions of section 8 succeed to the fiduciary rights and powers of such national banking associations in the same manner as is provided by section 7 of the Act of April 16, 1929, P. L. 522.

In the latter two acts the use of the words is in a somewhat different sense than in the Acts of 1909 and 1923. Nevertheless, it seems that the words "merger or consolidation" in all of the Acts of 1929 herein referred to are intended to cover only those cases where, by proper action of their stockholders, two or more trust or banking companies join together all of their corporate rights, franchises, privileges and interests. Such a situation does not exist where there is merely a taking over of the physical assets of one company by another, or an absorption of one company by another, caused by an assignment of the property for the benefit of the creditors, or otherwise. No new corporation is created, and no merged or consolidated corporation succeeds to all the rights, powers, privileges, franchises and interests of the "absorbed" company, as is contemplated by the Acts of 1909, 1923 and 1929. Consequently, there is no "merger and consolidation."

In answer to question 4 above listed, you are, therefore, advised as follows:

4. In the case where a trust company, under an agreement to collect and liquidate all the assets of another trust company having fiduciary powers, takes over such assets and assumes all the deposit liabilities of said company, such procedure is not a "merger" or "consolidation" as would come within the provisions of the Acts of April 26, 1929.

In such cases the Department of Banking could properly require a decree by the Orphans' Court having jurisdiction, authorizing the bank which took over the assets to act as substituted trustee for the bank assigning them.

From C. P. Addams, Harrisburg, Pa.